Donald Charles Schwartz [SBN 122476]
Law Offices of Donald C. Schwartz
7960-B Soquel Drive, No. 291
Aptos, CA 95003
831-331-9909; Facsimile 831-662-9892
triallaw@cruzio.com

Attorney for Plaintiff
Donald Ray Hopkins

**FILED**

FEB 26 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee paid
NP
ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY HOPKINS, | Case No. **C13- 869** DMR |
| Plaintiff, | **NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1331, 1441[b], 1441[c]** |
| vs. | |
| AMERICAN HOME MORTGAGE SERVICING, INC., a Delaware Corporation registered to do business in the State of California; CITIBANK, AMERICAN BROKERS CONDUIT, a form of business unknown, and DOES 2 to 1,000, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that plaintiff Donald Ray Hopkins ("Hopkins") hereby removes the above-entitled action, which was filed by said plaintiff in the Superior Court of the State of California, County of Alameda Case No. RG11581294, on the following grounds:

### STATUTORY BASIS FOR REMOVAL

1.   28 U.S.C. section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2.   28 U.S.C. section 1441[b] provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws

NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1331, 1441[b], 1441[c]                1

1  of the United States shall be removable without regard to the citizenship or residence of the parties."

2  3.  28 U.S.C. section 1441[c] states that "[w]henever a separate and independent claim or cause of

3  action within the jurisdiction conferred by section 1331 of this article is joined with one or more

4  otherwise nonremovable claims or causes of action, then entire case may be removed and the district

5  court may determine all issues therein."

6  ## JURISDICTION

7  4.  This action is a civil action over which this Court has original jurisdiction under 28 U.S.C.

8  section 1331, and is noe which may be removed to this Court pursuant to the provisions of 28 U.S.C.

9  sections 1441[b] and 1441[c], in that it seeks remedies under the federal Real Estate Settlement and

10  Procedures Act (RESPA), 12 U.S.C. 2605.

11  5.  Any remaining claims or causes of action in the Complaint that are otherwise nonremovable are

12  joined with the separate and independent claims or causes of action within the jurisdiction conferred

13  by 28 U.S.C. section 1331, and the entire action is therefore removable under 28 U.S.C. section

14  1441[c].

15  ## FACTS SUPPORTING REMOVAL

16  6.  Plaintiff alleges that he is entitled to recover for a violation of the federal Real Estate

17  Settlement and Procedures Act (RESPA), 12 U.S.C. 2605 for failure to, inter alia, provide notice to

18  borrower (e.g., plaintiff Hopkins) when the lender assigns, sells or transfers in any way the servicing

19  of the mortgage loan. Moreoever, under section 6 of RESPA, when a borrower like plaintiff Hopkins

20  issues a Qualified Written Response ("QWR") all documents pertaining to the origination of the

21  subject home loan must be provided. On or about April, 2012 plaintiff Hopkins issued a QWR to

22  defendant AHMRI (aka Homeward Residential) stating as follows:

23
24  American Home Mortgage Services, Inc.
25  Attention: Correspondence Dept.
   P.O. Box 619063
26  Dallas, TX 75261-9063

27  Sent: Certified/Return Receipt Requested

28  Re: Loan Number: 0031415938: Donald R. Hopkins

NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1331, 1441[b], 1441[c]

2

Subject Address: 18050 Broadway Terrace, Oakland, CA 94611

To Whom It May Concern:

Please accept this letter as a "Qualified Written Request" under Section 6 of the Real Estate Settlement Procedures Act (RESPA) to obtain copies of ALL documents pertaining to the origination of the above mentioned Clients' current mortgage on the referenced subject property. Please see below for a list of documents needed.

[1] Initial Loan Application and Final Loan Application
[2] Executed Notice of Right to Cancel (if refinance)
[3] Deed of Trust/All Riders
[4] Note and All Addendums/Riders
[5] Truth-in Lending Statements
[6] Itemization of Amount Financed
[7] Good Faith Estimates
[8] Estimated and Final Closing Statements (HUD)
[9] Appraisal
[10] Title Report
[11] Grant Deed(s)
[12] Copy of Loan Payment History – This must include all payments made, all fees incurred, any and all escrow account disbursements and how payments were applied

In addition to the above, please forward any and all disclosures, rate sheets, etc. associated with the above transaction. Please note that all copies need to be clear and legible and all documents should be copied in their entirety.

In closing, I understand that under Section 6 of RESPA you are required to acknowledge my request within 20 business days and try to resolve any issues within 60 business days.

Please forward requested documentation as soon as possible and we look forward to working with you on a solution that benefits our mutual concerns.

Thank you for your time.

Sincerely,
/s/
Donald R. Hopkins

NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1331, 1441[b], 1441[c]

3

7. Thereafter, during the pendency of the civil action in the State court, defendants American Brokers Conduit (ABC) and AHMSI aka Homeward Residential, completely refused to produce any copy of the original note and deed of trust under which said defendants had initiated a foreclosure action (and recorded a Notice of Default) upon plaintiff Hopkins home. It has been also learned during the pendency of the civil action in the State court, the CBS News television show did an expose of "robo-signing" of assignments of notes. Since defendants ABC and AHMSI (aka Homeward Residential) cop0letely refused to provide a copy of the (assigned) note at issue here, plaintiff Hopkins has now come to reasonably believe that defendant AHMSI (aka Homeward Residential) no longer has the right – if ever it did – to service the subject loan/note and deed of trust. Hence. The new RESPA allegations – and federal court jurisdiction.

8. These actions took place during the pendency of this State court action and were stated as a cause of action under, inter alia, plaintiff's Second Amended Complaint.

9. On the face of the Second Amended Complaint, therefore, that action is one that arises only under federal law, and is removable to this Court on grounds of federal subject matter jurisdiction.

WHEREFORE, plaintiff Hopkins hereby removes the above-entitled action to this Court, and requests that this Court assume jurisdiction over this action.

Dated: February 24, 2013

Donald Charles Schwartz
Attorney for Plaintiff
Donald Ray Hopkins

NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1331, 1441[b], 1441[c]

4

## PROOF OF SERVICE BY MAIL/FACSIMILE

I declare that I am employed in the County of Santa Cruz, California; that I am over the age of eighteen and am not a party to the foregoing action. My business address is 7960-B Soquel Drive, No. 291, Aptos, CA 95003.

On the date shown below, I served the following document(s):

## NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1331, 1441[b], 1441[c]

on each person named below by placing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown above following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid and as set forth in the accompanying facsimile transmission page, if any.

Rachel M. Dollar, Esq.
Sherrill Oats, Esq.
Smith Dollar, PC
404 Mendocino Avenue, Second Floor
Santa Rosa, CA 95401
Fax: 707-522-1101
For: Defendant AHMSI

Stuart B. Wolfe, Esq./Kimberley A. Paese, Esq.
Wolfe & Wyman, LLP
2175 North California Blvd., Suite 645
Walnut Creek, California 94596-3502
Fax: 925-280-0005
For: Defendant Citibank

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on February 24, 2013 in Santa Cruz County, California.

Donald Charles Schwartz

# EXHIBIT A

1  Donald Charles Schwartz [SBN 122476]
2  Law Offices of Donald C. Schwartz
   7960-B Soquel Drive, No. 291
3  Aptos, CA 95003
   831-331-9909; Facsimile 831-662-9892
4  triallaw@cruzio.com

5
   Attorney for Plaintiff
6  Donald Ray Hopkins

**FILED**
ALAMEDA COUNTY

JUL 0 5 2012

CLERK OF THE SUPERIOR COURT
By_____

7

8              SUPERIOR COURT OF CALIFORNIA

9              FOR THE COUNTY OF ALAMEDA

10  DONALD RAY HOPKINS,                    )   Case No. RG11581294
                                          )
11                  Plaintiff,             )
                                          )   **SECOND AMENDED COMPLAINT FOR**
12        vs.                              )   **DAMAGES AND EQUITABLE RELIEF**
                                          )
13                                        )
    AMERICAN HOME MORTGAGE                 )
14  SERVICING, INC., a Delaware Corporation)
    registered to do business in the State of )
15  California; CITIBANK, AMERICAN         )
    BROKERS CONDUIT, a form of business    )
16  unknown, and DOES 2 to 1,000,          )
                                          )
17                                        )
18                  Defendants.            )
                                          )
19                                        )
                                          )
20  _____   )

21        COMES NOW PLAINTIFF DONALD RAY HOPKINS who alleges as follows:

22                              **PARTIES**

23        [1]     At all times relevant herein plaintiff Donald Ray Hopkins (hereinafter referred to as

24  "plaintiff" or "plaintiff Hopkins") has been the owner of that residential real property located in the

25  City of Oakland, County of Alameda, commonly referred to as 18050 Broadway Terrace, Oakland,

26  CA (hereinafter referred to as "the Subject Real Property.")  Plaintiff Hopkins is a gentleman of 74

27  years of age, a holder of four college degrees from Kansas, Yale, Harvard and U.C. Berkeley, and a

28

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

member of Phi Beta Kappa. Plaintiff Hopkins retired after 22 years of service with the United States Congress as District Administrator of the Eighth California Congressional District, has owned three previous homes in Oakland and Berkeley since 1972 and had never been delinquent in even ONE monthly payment. Had not so much as a complaint of non-payment until AHMSI for some unknown, arbitrary and capricious reason began complaining of non-payment. This despite the fact that Citi Bank records clearly show that every payment has been made, and in a timely manner at all times relevant.

[2]     At all times relevant herein defendant American Home Mortgage Servicing, Inc. ("AHMS") is and was engaged in the business of servicing home loans for American Brokers Conduit ("ABC") within the City of Oakland, California, including at the Subject Real Property. At all times relevant herein, defendant AHMSI is and has been the agent for its principal, defendant ABC, thereby holding defendant ABC liable for all acts, facts and events engaged by defendant AHMSI in the course and scope of servicing the Loan.

[3]     At all times relevant herein, defendant American Brokers Conduit ("ABC") is and was a lender of home loans within the City of Oakland, California, including at the Subject Real Property.

[4]     At all times relevant herein, defendant Citibank is a business entity, form unknown, engaged in the business of banking within the City of Oakland, California. Defendant Citibank was originally named in this action as Doe 1.

[5]     The true names and capacities, whether individual, corporate, associate or otherwise of defendants Does 2 through 1,000, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names and when the true names and capacities of such defendants have been ascertained, plaintiff will amend this complaint accordingly. Plaintiff is informed and believes, and thereupon alleges, that each defendant designated herein as a Doe is responsible,

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**                    2

1   negligently, intentionally or in some manner, for the acts, facts, events, representations and happenings

2   hereinafter referred to, and caused injuries and damages proximately thereby to plaintiff, as hereinafter

3   alleged, either through said defendants' own intentional, negligent, fraudulent or other conduct or

4   through the conduct of its agents, servants or employees, or in some other manner. Plaintiff is informed

5   and believes, and thereupon alleges, that at all times stated herein defendants, and each of them, were

6   the agents, servants, employees, alter egos, and/or joint venturers of their co-defendants and were as

7   such acting within the scope, course and authority of such agency, employment and/or joint venture, and

8   that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection

9   and hiring of each and every other defendant as agent, servant, employee and/or joint venturer.

10      [6]     As such, each said defendant is responsible, negligently, intentionally or in some manner,

11  for the acts, facts, events, representations and happenings hereinafter referred to, and caused injuries and

12  damages proximately thereby to plaintiff, as hereinafter alleged, either through said defendants' own

13  intentional, negligent, fraudulent or other conduct or through the conduct of its agents, servants or

14  employees, or in some other manner. At all times stated herein defendants, and each of them, were the

15  agents, servants, employees, alter egos, and/or joint venturers of their co-defendants and were as such

16  acting within the scope, course and authority of such agency, employment and/or joint venture, and that

17  each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and

18  hiring of each and every other defendant as agent, servant, employee or joint venturer.

## GENERAL ALLEGATIONS

        [7]     On or about October 24, 2006 plaintiff Donald Ray Hopkins and defendant ABC entered

into an agreement wherein defendant ABC agreed to, and did, loan plaintiff Hopkins $815,000.00

("financial consideration") secured by a First Deed of Trust on the Subject Real Property, in return for

plaintiff Hopkins paying off the loan pursuant to the terms and conditions stated in the Loan Agreement

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**          3

and Adjustable Rate Note ("Note").  A true and correct copy of the Note is attached hereto and attached as Exhibit 1.

[8]    Commencing on December 1, 2006, plaintiff Hopkins made all payments in a timely fashion according to the terms of the Note.  Plaintiff made his payments from an established account at defendant Citibank via electronic check.  At all times relevant, plaintiff maintained ample funds for timely payment to be drawn therefrom.

The Note with defendant ABC states:

"I (borrower) will make monthly payments on the 1st of each month beginning on December 1, 2006."

See, Exhibit 1 Note, par. 3(A).

The Note further states:

"If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days *after the date it is due*, I will pay a late charge to the Note Holder." [emphasis supplied]

See, Exhibit 1 Note, par. 7(A).

Because the Note monthly payments are due on the first of the month and deemed subject a late charge 15 days *after the due date*, neither defendant ABC nor defendant AHMSI may charge a late fee before a date after the 16th of each month, e.g., *the 17th of the month would be the first opportunity to charge a late fee.*

[9]    The federal Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. 2605, requires that lenders and servicers, such as defendants ABC and AHMSI, provide notice to borrowers like plaintiff when the lender assigns, sells or *transfers in any way* the servicing of the mortgage loan.  At no time have defendants ABC or AHMSI provided any such RESPA notice to plaintiff Hopkins stating that defendant ABC had assigned, sold or transferred or in any way the servicing of the mortgage loan (e.g.,

SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF                    4

1 Note) to defendant AHMSI. In fact, as part of the loan package provided to plaintiff Hopkins is a

2 RESPA SERVICING DISCLOSURE. A true and correct copy of the RESPA SERVICING

3 DISCLOSURE provided to plaintiff Hopkins is attached hereto as Exhibit 2. RESPA requires that all

4 RESPA disclosures be acknowledged with a signature by the borrower. The RESPA SERVICING

5

6 DISCLOSURE copy provided to plaintiff Hopkins is not executed. Nevertheless, the document states:

7
   "NOTICE TO FIRST LIEN MORTGAGE APPLICANTS: THE RIGHT TO
8  COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED.
   FDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS."
9

10   The RESPA SERVICING DISCLOSURE further states:

11
        "Servicing Transfer Estimates
12   1.    The following is the best estimate of what will happen to the servicing of
     your mortgage loan:
13         We may assign, sell or transfer the servicing of your loan while the loan is
14   outstanding. *We are able to service your loan and we haven't decided whether to
     service your loan."* [emphasis supplied]
15

16   [10]   Simply stated, the so-called RESPA SERVICING DISCLOSURE is both contradictory

17 and nonsensical.

18   [11]   On information and belief, at the time the subject Note agreement was entered into

19
   between plaintiff and defendant ABC, defendant AHMSI was a wholly owned subsidiary of defendant
20
   ABC.
21

22   [12]   On information and belief, sometime after the close of escrow, defendant ABC divested

23 itself of defendant AHMSI and reformulated itself as a separate business entity – present form unknown.

24   [13]   At no time have defendants ABC and AHMSI sent any notice required under RESPA
25
   officially informing plaintiff that defendant AHMSI was assuming service of the Subject Loan from
26
   defendant ABC.
27

28   [14]   On March 30, 2012 (during the pendency of this action) plaintiff Hopkins sent a Qualified

   **SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**      5

Written Request ("QWR") to defendant AHMSI.  A true and correct copy of the QWR is attached

hereto as Exhibit 3.  Instead of providing the information requested, defendant AHMSI defiantly refused

to provide the requested information.  For example, knowing full well that an actual litigation was

pending wherein plaintiff contends (and still does) that he has made every single payment on the Note in

a timely fashion, defendant AHMSI contended that the loan documents had nothing to do with the

servicing of the Note.  A true and correct copy of defendant AHMSI's response is attached hereto as

Exhibit 4.

[15]    Despite plaintiff having made all payments in a timely fashion on the Loan, defendants

AHMS and ABC declared the Loan in default, initiated collection activities against plaintiff Hopkins,

defamed his otherwise impeccable credit and initiate foreclosure.

[16]    As a result of the conduct of defendants, and each of them, said defendants prevented

plaintiff Hopkins from selling the home.  Now, in a Catch 22 in that defendants refuse to honor all of

plaintiff's timely Loan payments and interfering with plaintiff's efforts to sell the home, plaintiff

Hopkins has no remedy but to seek legal redress for his injuries from the court.

Plaintiffs further alleges as follows:

## FIRST CAUSE OF ACTION
(Breach of Contract against Defendant ABC)

[17]    Plaintiff by this reference incorporates paragraphs 1 through 16, inclusive, as if fully set

forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

[18]    On or about October 24, 2006 plaintiff Donald Ray Hopkins and defendant ABC entered

into an agreement wherein defendant ABC loaned plaintiff Hopkins $815,000.00 ("financial

consideration") secured by a First Deed of Trust on the Subject Real Property, in return for plaintiff

Hopkins paying off the loan pursuant to the terms and conditions stated in the Loan.

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**            6

[19]   At all times relevant herein, plaintiff Hopkins has made timely payments on the Loan, pursuant to the terms of the Exhibit 1 Note agreement.

[20]   Despite plaintiff making timely payments on the Loan, defendant ABC, through its agent for servicing the loan (e.g., defendant AHMSI) default, initiated collection activities against plaintiff Hopkins, defaming his otherwise impeccable credit and initiated foreclosure by, inter alia, recording a Notice of Default on the title of plaintiff's home.

[21]   As a result of the conduct of defendant ABC and its agent, defendant AHMSI, and each and every Doe defendant, said defendants prevented plaintiff Hopkins from selling the home. Now, in a Catch 22 in that defendants refuse to honor all of plaintiff's timely loan payments and interfering with plaintiff's efforts to sell the home, plaintiff Hopkins has no remedy but to seek legal redress for his injuries from the court.

[22]   As a direct and proximate cause of the breach of contract of defendants ABC and each and every Doe named herein, plaintiff has suffered and will continue to suffer monetary damages in a sum in excess of the minimum jurisdiction of the Superior Court and otherwise according to proof at trial.

WHEREFORE, plaintiff Hopkins prays judgment against defendant ABC, and each and every Doe defendant, as further set forth below.

## SECOND CAUSE OF ACTION
### (Specific Performance against Defendant ABC)

[23]   Plaintiff by this reference incorporates paragraphs 1 through 22, inclusive, as if fully set forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

[24]   Defendant ABC is in breach of the Exhibit 1 Note agreement.

[25]   Plaintiff hereby respectfully seeks an order of this court requiring defendant ABC, and each and every Doe defendant, to honor all Loan payments made by plaintiff on the subject Loan and

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**          7

remove the Notice of Default from the title on plaintiff's real property.

WHEREFORE, plaintiff Hopkins prays judgment against defendant ABC, and each and every Doe defendant, as set forth below.

### THIRD CAUSE OF ACTION
(Quiet Title by Extinction of Deed of Trust against Defendant ABC)

[26] Plaintiff by this reference incorporates paragraphs 1 through 25, inclusive, as if fully set forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

[27] By operation of the facts set forth herein, plaintiff is entitled to an order of this court extinguishing defendants' Deed of Trust on the Subject Real Property.

WHEREFORE, plaintiff Hopkins prays judgment against defendant ABC, and each and every Doe defendant, as set forth below.

### FOURTH CAUSE OF ACTION
(Declaratory Relief against Defendant ABC)

[28] Plaintiff by this reference incorporates paragraphs 1 through 27, inclusive, as if fully set forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

[29] There exists a controversy as between plaintiff, on the one hand, and defendant ABC and each and every Doe defendant, on the other hand, as to whether or not said defendants have breached the subject Exhibit 1 Note agreement and whether or not as a matter of law and/or equity the subject Loan and deed of trust should simply be extinguished from the recorded chain of title on the Subject Real Property.

[30] Plaintiff hereby seeks an appropriate order declaring his rights, on the one hand, and the duties defendants, and each of them, on the other hand.

### FIFTH CAUSE OF ACTION
(Negligence against Defendants ABC and AHMSI)

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** 8

[31]   Plaintiff by this reference incorporates paragraphs 1 through 30, inclusive, as if fully set forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

[32]   On information and belief, defendant ABC and defendant AHMSI entered into an agreement to the effect that defendant AHMSI would service the subject loan. On information and belief, the duties of defendant AHMSI were and remain to receive plaintiff's loan payments, accurately account for plaintiff's payments and not to charge late fees and initiate foreclosure procedures unless permitted to do so under the terms of the Exhibit 1 Note.

[33]   On information and belief, after the conclusion of the subject escrow in or about November 1, 2006, plaintiff began making monthly payments on the Loan to defendant AHMSI.

[34]   Since the close of escrow on the subject loan, plaintiff has made all monthly payments on defendant ABC home loan on a timely and accurate basis to defendant AHMSI.

[35]   Defendant AHMSI has received all such timely and accurately made payments from plaintiff.

[36]   Defendants ABC and AHMSI owed plaintiff a duty of due care not to initiate collection activities, charge late fees and/or initiate foreclosure against plaintiff if plaintiff's payments were at all times accurately and timely made.

[37]   Defendants ABC and AHMSI breached their duty of due care by initiating collection activities, charging late fees and initiating foreclosure against plaintiff and his real property after having received all monthly loan payments in the correct amounts and in a timely fashion from plaintiff Hopkins.

[38]   As a proximate cause of the breach of the duty of due care of defendant ABC and AHMSI owed to plaintiff Hopkins, said plaintiff has suffered injuries thereby, including, but not limited to, general and special damages according to proof at time of trial.

SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF          9

WHEREFORE, plaintiff Hopkins prays judgment against defendants ABC, AHMSI and each and every Doe defendant, as set forth below.

### SIXTH CAUSE OF ACTION
(Negligence against Defendant Citibank)

[39]   Plaintiff by this reference incorporates paragraphs 1 through 38, inclusive, as if fully set forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

[40]   Defendant Citibank agreed to accept plaintiff's monies on deposit in a checking account.

[41]   Defendant Citibank agreed to make electronic check payments in furtherance of plaintiff's instructions.

[42]   Plaintiff gave Citibank monthly instructions from on or about the time of close of escrow of the subject loan through to a time after on or about this civil action was initiated to make timely and proper transfers from his checking account to defendant AHMSI in payment on the defendant ABC Loan.

[43]   At all times relevant herein, plaintiff maintained ample funds in his defendant Citibank account to cover the monthly electronic funds transfers to defendant ABC – through defendant AHMSI.

[44]   On information and belief, despite the fact that ample funds were maintained by plaintiff in his defendant Citibank checking account, said defendant bounced electronic checks made payable to either defendant ABC or AHMSI.

[45]   Defendant Citibank owed plaintiff a duty of due care not to bounce plaintiff's electronic checks if adequate funds existed in his defendant Citibank checking account.

[46]   Defendant Citibank breached its duty of due care owed to plaintiff by bouncing electronic checks made for the subject loan payments, despite the fact that plaintiff maintained adequate funds on deposit.

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**                10

[47]   As a proximate cause of the breach of the duty of due care of defendant Citibank owed to plaintiff Hopkins, said plaintiff has suffered injuries thereby, including, but not limited to, general and special damages according to proof at time of trial.

WHEREFORE, plaintiff Hopkins prays judgment against defendants and each of them, as set forth below.

## SEVENTH CAUSE OF ACTION
(Slander of Title against Defendants ABC and AHMSI)

[48]   Plaintiff by this reference incorporates paragraphs 1 through 47, inclusive, as if fully set forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

[49]   Defendants ABC and its agent, defendant AHMSI, recorded a Notice of Default with the Recorder's Office of the County of Alameda. The Notice of Default states that plaintiff is in default on the loan payments to said defendants. The recordation of the Notice of Default constitutes a publication.

[50]   Said defendants' recordation of the Notice of Default on the title of plaintiff's home was without justification because plaintiff was current on all loan monthly payments.

[51]   The Notice of Default was false.

[52]   Plaintiff suffered a direct monetary loss in that his home could not be marketed or sold.

[53]   Plaintiff suffered other general and special damages according to proof at time of trial.

WHEREFORE, plaintiff Hopkins prays judgment against defendant ABC and AHMSI and each and every other Doe defendant, as set forth below.

## EIGHTH CAUSE OF ACTION
(RESPA Violation against Defendants ABC and AHMSI)

[54]   Plaintiff by this reference incorporates paragraphs 1 through 53, inclusive, as if fully set forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

[55]   Pursuant to 12 U.S.C. 2605, defendants ABC and AHMSI have a duty to notify borrowers

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**          11

1   like plaintiff when the lender (e.g., defendant ABC) assigns, sells or transfers in any way the servicing of

2   the mortgage loan.

3

4   [56]   On information and belief, servicing of the subject loan was assigned, sold or in some way

5   transferred from defendant ABC to defendant AHMSI either at the initiating of the loan or when

6   defendant ABC divested defendant AHMSI.

7   [57]   Defendants ABC and AHMSI are subject to a statutory fine under 12 U.S.C. 2605 as well

8   as damages and attorney's fees and costs.

9

10   WHEREFORE, plaintiff Hopkins prays judgment against defendant ABC and AHMSI and

11   each and every other Doe defendant, as set forth below.

12                              **NINTH CAUSE OF ACTION**
13            (Breach of Contract against Defendant AHMSI by Intended Third Party Beneficiary)

14   [58]   Plaintiff by this reference incorporates paragraphs 1 through 57, inclusive, as if fully set

15   forth in this Second Amended Complaint for Equitable Relief and Damages as if fully re-alleged herein.

16

17   [59]   On or about October 24, 2006 plaintiff Donald Ray Hopkins and defendant ABC entered

18   into an agreement wherein defendant ABC loaned plaintiff Hopkins $815,000.00 ("financial

19   consideration") secured by a First Deed of Trust on the Subject Real Property, in return for plaintiff

20   Hopkins paying off the loan pursuant to the terms and conditions stated in the Loan.

21

22   [60]   On information and belief, defendant ABC engaged a servicing agreement with defendant

23   AHMSI with the intention that defendant AHMSI service the Loan pursuant to its terms.   As such,

24   plaintiff Hopkins is the intended beneficiary of the defendants ABC-AHMSI servicing agreement.

25   [61]   At all times relevant herein, plaintiff Hopkins has made timely payments on the Loan,

26   pursuant to the terms of the Exhibit 1 Note agreement.

27

28   [62]   Despite plaintiff making timely payments on the Loan and defendant AHMSI's agreement

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**          12

with defendant ABC to service the Loan according to its terms, thereby making plaintiff an intended third party beneficiary, defendant AHMSI illegally declared the Loan in default, initiated collection activities against plaintiff Hopkins, defaming his otherwise impeccable credit and initiated foreclosure by, inter alia, recording a Notice of Default on the title of plaintiff's home.

[63]    As a result of the conduct of defendant AHMSI, and each and every Doe defendant, said defendants prevented plaintiff Hopkins from selling the home.  Now, in a Catch 22 in that defendants refuse to honor all of plaintiff's timely loan payments and interfering with plaintiff's efforts to sell the home, plaintiff Hopkins has no remedy but to seek legal redress for his injuries from the court.

[64]    As a direct and proximate cause of the breach of the defendants ABC and AHMSI servicing agreement,  for which plaintiff is the intended third party beneficiary, plaintiff has suffered and will continue to suffer monetary damages in a sum in excess of the minimum jurisdiction of the Superior Court and otherwise according to proof at trial.

WHEREFORE, plaintiff Hopkins prays judgment against defendant AHMSI, and each and every Doe defendant, as follows:

[1]    For general damages, according to proof;

[2]    For special damages according to proof, including, but not limited to, the entire amount of any and all sums alleged due under the Subject Loan;

[3]    For a Temporary Restraining Order, Preliminary and Permanent Injunctions preventing defendants, and each of them, from continuing to defame, libel, slander, collect, foreclose or enforce in any way on plaintiff Hopkins and/or the Subject Real Property.

[4]    For an order quieting the title to the Subject Real Property sufficient to extinguish the subject Loan and any related deed of trust;

[5]    For an order declaring the rights and responsibilities of the plaintiff, on the one hand, and

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**        13

1  defendant, and each of them, on the other hand, e.g., that defendants, and each of them, take nothing

2  pursuant to the Subject Loan;

3

4      [6]    RESPA damages and fines as well as attorney's fees and costs of suit.

5      [7]    For attorney's fees, according to proof;

6      [8]    For costs of suit herein incurred; and

7      [9]    For such other and further relief as the Court may deem just and proper.

8  Dated: July 5, 2012

9

10                       Donald Charles Schwartz

11                       Attorney for Plaintiff

12                       Donald Ray Hopkins

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**   14