1  Rachel M. Dollar (CSB 199977)
   Sherrill A. Oates (CSB 213763)
2  soates@smithdollar.com
   Antonio L. Cortes [CSB 142356]
3  acortes@smithdollar.com
   SMITH DOLLAR PC
4  Attorneys at Law
   404 Mendocino Avenue, Second Floor
5  Santa Rosa, CA  95401
   Telephone:   (707) 522-1100
6  Facsimile:    (707) 522-1101

7  Attorneys for Defendant
   Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc.
8

9

10                         UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12

| 13  DONALD RAY HOPKINS, et al., | CASE NO.:  C13-00869 DMR |
|---|---|
| 14      Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS AND AUTHORITES IN SUPPORT THEREOF |
| 15  v. | |
| 16  AMERICAN HOME MORTGAGE SERVICING, INC., et al., | |
| 17      Defendant. | REQUEST FOR JUDICIAL NOTICE AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH |
| | Date:  May 9, 2013
Time:  11:00 a.m.
Dept:  Courtroom 4, 3rd Floor |
| | Judge:  Honorable Donna M. Ryu |
| | Complaint Filed:  June 17, 2011
Trial Date:          N/A |

23

24      **TO EACH PARTY AND TO COUNSEL OF RECORD FOR EACH PARTY:**

25      **YOU ARE HEREBY NOTIFIED** that on May 9, 2013, at 11:00 a.m., in Courtroom 4, 3rd

26 Floor, of this Court, located at 1301 Clay Street, Oakland, CA  94612, Defendant Homeward

27 Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. ("Homeward") will and hereby

28 does move this Court, pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for an order granting



284596                                    - 1 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.:  C13-00869 DMR

1 Homeward's Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC") and such other
2 relief as may be just ("Motion"). This Motion is made on the ground that the Court lacks subject
3 matter jurisdiction and the TAC fails to state facts sufficient to maintain a cause of action against
4 Homeward, are uncertain, and/or are barred as a matter of law.

5     The Motion will be based on this Notice of Motion and Motion, Memorandum of Points and
6 Authorities, and Request for Judicial Notice filed concurrently herewith; the files and records in this
7 action; and any further evidence or argument that the Court may properly receive at or before the
8 hearing. Homeward brings this Motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the basis
9 that the Court lacks subject matter jurisdiction and each and every one of Plaintiff's causes of
10 action as pled fails to state sufficient facts to constitute a cause of action, are uncertain, and/or are
11 barred as a matter of law.

12     WHEREFORE, Homeward requests that:

13         1. The Court Grant Homeward's Motion without leave to amend;
14         2. The Court dismiss Plaintiff's action with prejudice;
15         3. Homeward be awarded its fees and costs; and
16         4. The Court grant such other and further relief as it considers just and proper.

17 Dated: March 5, 2013

SMITH DOLLAR PC

/s/ Sherrill A. Oates

By_____
Sherrill A. Oates
Attorneys for Defendant Homeward Residential,
Inc., f/k/a American Home Mortgage Servicing,
Inc..

284596     - 2 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

# Table of Contents

I. INTRODUCTION AND PROCEDURAL HISTORY ....................................................... 1
II. STANDARD ON MOTION TO DISMISS ..................................................................... 1
   A. RULE 12(b)(1) ................................................................................................. 1
   B. RULE 12(b)(6) ................................................................................................. 2
III. ALL CLAIMS PLED AGAINST HOMEWARD FAIL ................................................. 3
   A. THIS COURT LACKS JURISDICTION OVER THE MATTER. ....................... 3
   B. PLAINTIFF'S NEGLIGENCE CLAIM FAILS DUE TO ABSENCE OF DUTY. ............................................................................................................. 4
   C. THE TAC FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR SLANDER OF TITLE. ................................................................. 6
      1. PLAINTIFF DOES NOT AND CANNOT ALLEGE PUBLICATION BY HOMEWARD. ......................................................... 6
      2. THE RECORDING OF THE NOTICE OF DEFAULT IS NOT A PUBLICATION "WITHOUT PRIVILEGE." .............................. 6
      3. PLAINTIFF FAILS TO ALLEGE FACTS SUPPORTING THE REQUIRED ELEMENT OF MALICE. ............................................ 7
      4. PLAINTIFF'S ALLEGATIONS OF PECUNIARY LOSS ARE CONCLUSORY AND INADEQUATE. .......................................... 7
   D. PLAINTIFF HAS ALLEGED NO FACTUAL BASIS FOR A RESPA CLAIM. .......................................................................................................... 8
   E. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A RESPA CLAIM IN CONNECTION WITH HIS ALLEGED QWR. ............... 10
   F. PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR BREACH OF CONTRACT OR HIS ALLEGED STATUS AS A THIRD PARTY BENEFICIARY. .......................... 11
   G. LEAVE TO AMEND WOULD BE FUTILE ....................................................... 13
IV. CONCLUSION ............................................................................................................... 14



# Table of Authorities

**CASES**

*Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.* 843 F.2d 1253 (9th Cir. 1988) .............................3

*Armstrong Petrol Corp. v. Tri Valley Oil & Gas Co.*, 116 Cal.App.4th 1375 (2004) ...............12

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ...........................................................2, 3

*Beauchamp v. Los Gatos Golf Course,* 273 Cal. App. 2d 20 (1969) ............................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................2

*Burkett v. Griffith* 90 Cal. 532 (1891) ..........................................................................................7

*Castaneda v. Saxon Mortg. Servs., Inc.* 687 F. Supp. 2d 1191 (E.D. Cal. Dec. 3, 2009)..........................................................................................................................................5, 6

*Diamond Woodworks, Inc. v. Argonaut Ins. Co.*, 106 Cal.App. 4th 1020 (2003) .......................12

*Dreier v. United States*, 106 F.3d 844 (9th Cir. 1996)..................................................................2

*Gordon Bldg. Corp. v. Gibraltar Sav. & Loan Assoc.,* 247 Cal.App.2d 1 (1966) .......................12

*International Visible Systems Corp. v. Remington-Rand, Inc.,* 65 F.2d 540 (6th Cir 1933)................................................................................................................................................8

*Kachlon v. Markowitz,* 168 Cal. App. 4th 316 (2008) ..................................................................7

*Koszdin v. State Comp. Ins. Fund*, 186 Cal. App. 4th 480 (Cal. App. 2d Dist. 2010) ................14

*Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. Ariz. 2012) ...................................................4

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) ......................................................................................................................2

*Manhattan Loft, LLC v. Mercury Liquors, Inc*., 173 Cal. App. 4th 1040, 1051, 93 Cal. Rptr. 3d 457(2009)...........................................................................................................6

*Mendoza v. City of L.A.,* 66 Cal. App. 4th 1333 (1998)................................................................4

*Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943 (9th Cir. 2009) ............................................2

*Nymark v. Heart Fed. Savings & Loan Assn.* 231 Cal. App. 3d 1089 (1991)...............................5

*Richards v. Bank of Am., N.A.*, C 10-01163 CW, 2010 U.S. Dist. LEXIS 92389 *10-11 (N.D. Cal. Aug. 13, 2010) ......................................................................................................7

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004 ..........................................2

*Schauer v. Mandarin Gems o/Ca!., Inc.*, (2005) 125 Cal.App.4th 949......................................12

*Seltmann v. A. W. Chesterton Co*., 2009 U.S. Dist. LEXIS 10802 *3 (N.D. Cal. Feb. 3, 2009)..................................................................................................................................4

*Stamas v. County of Madera,* 795 F. Supp. 2d at 1067 (E.D. Cal. 2011) .................................6, 8

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ..............................................................................................................................1

*Thompson v. McCombe*, 99 F.3d 352 (9th Cir. 1996).................................................................2

*Vann v. Aurora Loan Servs. LLC*, No. 10-CV-04736-LHK, 2011 U.S. Dist. LEXIS 60223, at *11 (N.D. Cal., June 3, 2011)....................................................................................5

*Vasquez v. Residential Invs., Inc*., 118 Cal. App. 4th 269 (2004)................................................4

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) ................................................................................2



*Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.*, SACV11-00006-
   JVS, 2011 U.S. Dist. LEXIS 138584 at *14-15 (C.D. Cal. Nov 8, 2011) ..............................5

## STATUTES

Cal. Civ. Code § 1559 ...............................................................................................................11

Cal. Civ. Proc. Code § 430.10(e), (f) ..........................................................................................3

Fed. R. Civ. P. 8(a)(2) .................................................................................................................3

Fed. R. Civ. P. 12(b)(1) ...............................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................2

12 U.S.C. § 2605(e)(1)(B)(ii).....................................................................................................10

12 U.S.C. § 2506(b)(1) ................................................................................................................9

## TREATISES

1 Fletcher Cyclopedia of Corporations, § 26 ..............................................................................8



**MEMORANDUM OF POINTS AND AUTHORITIES**

Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward") respectfully submits its Memorandum of Points and Authorities in support of its Motion to Dismiss ("Motion") Donald Ray Hopkins' ("Plaintiff") Third Amended Complaint ("TAC") as follows:

## I. INTRODUCTION AND PROCEDURAL HISTORY

In October of 2006, Plaintiff obtained a loan secured by a Deed of Trust recorded against the title to his property located at 18050 Broadway Terrace, Oakland, California (the "Property"). Request for Judicial Notice ("RJN") Exhibit 1. Plaintiff claims that some of his payments were misapplied or not applied, to which he attributes a Notice of Default ("NOD") being recorded against his Property. RJN Exhibit 2.

Almost two years after commencing the Action in the Alameda County Superior Court, Plaintiff removed this action to the United States District Court for the Northern District of California. See ECF 1. Defendants have separately moved to remand the Action back to Alameda County Superior Court, and that motion is set to be heard on April 18, 2013 at 11:00 a.m. Defendants contend that this Court lacks jurisdiction over the matter and that Plaintiff improperly removed the Action to this Court.

The TAC alleges four causes of action against Homeward: negligence, slander of title, violation of the Real Estate Settlement Procedures Act ("RESPA"), and breach of contract. The first three were not alleged in the previous two complaints. Homeward successfully demurred to breach of contract claims in the previous two complaints that have been tested by demurrer. None of the four claims alleged against Homeward in the TAC is legally or factually sufficient, and Homeward's Motion should be granted in full without leave to amend.

## II. STANDARD ON MOTION TO DISMISS

### A. Rule 12(b)(1)

A federal court will dismiss a party's claim for lack of subject-matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (citation and



284596                                                            - 1 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

quotation marks omitted); see Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge, such as the motion at bar, asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial attack on the court's subject matter jurisdiction, the court "must accept all of the plaintiff's factual allegations as true." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citations and quotation marks omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

**B.     Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id*.

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id*. at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all nonconclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a



284596                                             - 2 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

### III. ALL CLAIMS PLED AGAINST HOMEWARD FAIL

#### A. This Court Lacks Jurisdiction Over the Matter.

*Plaintiff* removed this case almost two years after he chose to commence it in the Alameda County Superior Court. He bases his removal upon a version of the Complaint (the SAC) that has been superseded by Plaintiff's TAC, and after the Superior Court had issued a tentative ruling granting Defendants' unopposed demurrer to Plaintiff's TAC without leave to amend. The many reasons this case should be remanded include the following:

1. Plaintiff was not authorized to remove the Action because he is not a Defendant. Only a Defendant may remove an action to federal court. 28 U.S.C. § 1441.

2. Plaintiff was the "master of his Complaint" and he selected the Alameda County Superior Court as his forum to bring the Action. "A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court. . . ." *Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.* 843 F.2d 1253, 1260 (9th Cir. 1988).

3. The removal was untimely. Under 28 U.S.C. § 1446(a), a removal must be filed within 30 days after receipt of the pleading containing the federal claim by service. 28 U.S.C. § 1446(a). Here the SAC, the first pleading to contain a federal claim,[1] was filed on July 5, 2012. Thus, any Defendant could have removed the action on or before August 5, 2012, but neither served Defendant chose to remove the Action. Therefore, removal by *any* party is improper at this late date, six months later.

4. The version of the Complaint removed is not the operative pleading. Plaintiff's removal petition contains the Second Amended Complaint ("SAC"). ECF 1. The operative pleading in this matter is the TAC. RJN Exhibit 3. The general rule is that an amended complaint supersedes the previous version of the Complaint and "renders it without legal effect." *Lacey v.*

---

[1] Plaintiff's claim under the Real Estate Settlement Procedures Act ("RESPA").



284596 - 3 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

1 *Maricopa County*, 693 F.3d 896, 927 (9th Cir. Ariz. 2012). Plaintiff filed his SAC, and then asked the Superior Court to allow him to amend. The Superior Court obliged and Plaintiff did file his TAC. Thus the removal is also improper because it is based upon the SAC, which has been superseded by the TAC.

5. Plaintiff's removal violates the unanimity rule. Nowhere in Plaintiff's removal petition does he address the Ninth Circuit's unanimity rule, which requires consent of all defendants to remove an action from State court. *Seltmann v. A. W. Chesterton Co*., 2009 U.S. Dist. LEXIS 10802 *3 (N.D. Cal. Feb. 3, 2009).

6. Plaintiff's removal petition failed to include all of the process, pleadings and Orders from the State court proceeding. 28 U.S.C. § 1446(a). There have been multiple demurrers, discovery motions and Orders served and filed in the State court action. The only document that was attached to Plaintiff's removal petition, however, was the superseded SAC.

For all of the preceding reasons, Plaintiff's removal of this Action was improper and this Court lacks jurisdiction over his claims. Homeward's Motion to Dismiss should be granted without leave to amend.

**B.     Plaintiff's Negligence Claim Fails Due to Absence of Duty.**

Plaintiff's Fifth Cause of Action is for negligence. To allege negligence against Homeward, Plaintiff would have to allege that "(1) [Homeward owed him] a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of L.A.,* 66 Cal. App. 4th 1333, 1339 (1998). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Invs., Inc*., 118 Cal. App. 4th 269, 278 (2004). Alleging a factual basis for Homeward's owing him such a duty is a prerequisite to a claim for negligence. *Beauchamp v. Los Gatos Golf Course,* 273 Cal. App. 2d 20, 32 (1969).

Accepting as true the allegations in the TAC, as a matter of law, Homeward owed Plaintiff no such duty. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.* ("*Nymark*") 231 Cal.



284596                                                     - 4 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.:  C13-00869 DMR

App. 3d 1089, 1096 (1991).  This well-settled rule, that financial institutions owe no duty of care to borrowers, applies specifically to loan servicers.  *Vann v. Aurora Loan Servs. LLC* ("*Vann*"), No. 10-CV-04736-LHK, 2011 U.S. Dist. LEXIS 60223, at *11 (N.D. Cal., June 3, 2011) (Plaintiff has not alleged that Defendant's involvement in her loan transaction exceeded the scope of its conventional role as a mere servicer of her mortgage, and therefore she has not pled facts sufficient to plausibly establish that Defendant owed her a duty of care.").

The TAC correctly alleges that "At all times" Homeward was and is the loan servicer for the Property.  TAC ¶ 3, *see also* TAC ¶ 32.  Because, at "all times," Homeward acted only as the loan servicer by receiving and accounting for loan payments made and foreclosing in the event of default, as admitted in the TAC ¶¶ 3 & 32, Homeward did not exceed the scope of its conventional role as a servicer.  The TAC confirms that it sues Homeward for alleged acts in the conventional role of a loan servicer by alleging that Homeward's servicing of Plaintiff's loan was allegedly deficient [TAC ¶¶ 2, 3, & 32-35] and by alleging that Homeward failed to perform duties imposed on loan servicers by RESPA [TAC ¶¶ 9-14 & 55-56].  Plaintiff alleges no acts by Homeward that are not within the conventional role of a loan servicer.  *Id.*

Where a loan servicer does not exceed its conventional role as a loan servicer, it owes no duty of care to the borrower whose loan it services.  *Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.*, SACV11-00006-JVS, 2011 U.S. Dist. LEXIS 138584 at *14-15 (C.D. Cal. Nov 8, 2011) ("The Court agrees with Aurora that no facts are alleged suggesting that Aurora exceeded its conventional role as a loan servicer. Thus, no duty of care is owed on Plaintiffs' allegations."). Plaintiff's TAC does not allege any facts that would give rise to a claim that Homeward exceeded its role as a conventional loan servicer - nor does the TAC contain factual allegations as to any type of special relationship.  It therefore fails to allege a duty or care, or, for that reason, a negligence claim. *Nymark supra,* 231 Cal. App. 3d at p. 1096;  *Vann supra* at *11.

*Castaneda v. Saxon Mortg. Servs., Inc.* ("*Castaneda*") 687 F. Supp. 2d 1191, 1198 (E.D. Cal. Dec. 3, 2009) also illustrates that Plaintiff cannot bring this belated negligence claim against Homeward.  In *Castaneda*, the plaintiff-borrowers alleged that the loan servicer breached its "duty of care" to them when it, among other things, "…made or authorized negative reports of plaintiff's

284596 - 5 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.:  C13-00869 DMR

1 creditworthiness to credit bureaus." *Castaneda*, 687 F. Supp. 2d at 1197-98. The plaintiff-borrowers in *Castaneda* made essentially the same duty allegation as Plaintiff is making here, that Homeward accepted payments on behalf of Plaintiff and notwithstanding, initiated collection activities, charged late fees and foreclosure proceedings and "defamed his otherwise impeccable credit." TAC, ¶15. The *Castaneda* court granted the loan servicer's motion to dismiss, finding that "[a]s the servicer of the loan, Saxon [the loan servicer] does not owe a duty to the borrowers of the loans it services." *Castaneda*, 687 F. Supp. 2d at 1198. Therefore, on the facts alleged in the TAC, Homeward did not owe a duty to Plaintiff and Plaintiff is unable to assert a cause of action for negligence against Homeward.

Homeward's Motion to Dismiss the Fifth Cause of Action for negligence should be granted without leave to amend because Homeward owes Plaintiff no duty.

### C. The TAC Fails to Allege Facts Sufficient to State a Claim for Slander of Title.

Plaintiff's Seventh Cause of Action is for slander of title based on Homeward's alleged recordation of the Notice of Default ("NOD"). Elements of slander of title are: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss. *Stamas v. County of Madera*, 795 F. Supp. 2d 1047, 1067 (E.D. Cal. 2011); *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051, 93 Cal. Rptr. 3d 457(2009). Plaintiff fails to allege a claim on those elements as follows:

#### 1. Plaintiff Does Not and Cannot Allege Publication by Homeward.

The Court should take judicial notice that Homeward did not record the NOD, which was recorded by non-party T.D. Service Company. RJN Exhibit 2. Thus, Plaintiff cannot allege the first element of slander of title against Homeward – publication of the NOD by Homeward. Homeward published no such statement.

#### 2. The Recording of the Notice of Default Is Not a Publication "Without Privilege."

The only publication alleged by in the TAC is the recordation of a Notice of Default. TAC ¶ 49. The filing of a Notice of Default is privileged. "[A]ny notice or communication that is issued in the course of performing duties related to the non-judicial foreclosure sale is privileged and not



284596 - 6 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

actionable." *Richards v. Bank of Am., N.A.*, C 10-01163 CW, 2010 U.S. Dist. LEXIS 92389 *10-11 (N.D. Cal. Aug. 13, 2010) ("Plaintiffs appear to allege that Cal-Western slandered the title to the Stadium Avenue property by recording notices and performing procedures related to the non-judicial foreclosure process. However, any notice or communication that issued in the course of performing duties related to the non-judicial foreclosure sale is privileged and not actionable."), *accord, Kachlon v. Markowitz,* 168 Cal. App. 4th 316, 340 (2008) ("Thus, the plain meaning of the 1996 amendment [to CCP § 2924(d)] makes the recording of the notice of default by the beneficiary, and any other statutorily authorized act of the beneficiary acting as trustee, a privileged communication under section 47"), Cal. Civ. Code § 2924(d) ("All of the following shall constitute privileged communications pursuant to Section 47 . . . (2) The . . . publication . . . of notices as required by this section"). Accordingly, the only alleged "publication" is legally insufficient to support a claim for slander of title.

### 3. **Plaintiff Fails to Allege Facts Supporting the Required Element of Malice.**

A plaintiff alleging slander of title claim based on a communication protected by Civil Code § 2924(d) must allege and prove facts supporting actual malice. *Kachlon v. Markowitz, supra* 168 Cal. App. 4th at 343 ("Thus, unless Best Alliance acted with malice, it is immune from liability under the common interest privilege"). The TAC does not and cannot allege any facts showing that the recordation of the NOD by T.D. Service Company was motivated by malice of any party, much less malice by Homeward. The TAC therefore cannot state a claim for slander of title based on the recordation of a notice of default.

### 4. **Plaintiff's Allegations of Pecuniary Loss Are Conclusory and Inadequate.**

The TAC simply alleges that Plaintiff suffered a direct monetary loss in that his home could not be marketed." TAC ¶ 52. The TAC does not allege that Plaintiff actually had a purchaser who was willing to purchase the Property but did not do so due to the Notice of Default. Such an allegation is necessary to stating a claim for slander of title. *Burkett v. Griffith* (1891) 90 Cal. 532, 535 [27 P. 527] ("It was necessary for plaintiff to aver and prove special damages; and as he has



284596 - 7 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

confined himself to the injury resulting from the Sketchley transaction, he is bound to connect the defendant directly with the latter's knowledge of the defamatory publication."); *Coley v. Hecker* (1928) 206 Cal. 22, 29 ("If the plaintiff has merely a general intention to sell, or if the words uttered do not reach any intending purchaser, or if they do not prevent any sale . . . the plaintiff does not suffer any damage from their utterance"); *see also International Visible Systems Corp. v. Remington-Rand, Inc.,* 65 F.2d 540, 542 (6th Cir 1933) (each element of a slander of title claim "must not only be proved but under the fundamental law of pleading must be averred"). The TAC alleges no fact supporting this fourth required element of a slander of title claim – that the NOD has actually already caused Plaintiff a "direct and immediate pecuniary loss." *Stamas v. County of Madera supra,* 795 F. Supp. 2d at 1067.

For the foregoing reasons, Homeward's Motion to Dismiss should be granted without leave to amend as to the Seventh Cause of Action for slander of title.

**D.   Plaintiff Has Alleged No Factual Basis for a RESPA Claim.**

Plaintiff's Eighth Cause of Action is for an alleged violation of RESPA. Plaintiff alleges that Homeward failed to give him notice of where to mail his payments upon transfer of servicing rights. TAC ¶¶ 55-56. This vaguely-stated theory is contradicted by specific allegations in ¶¶ 3 and 32 the TAC, which correctly alleges that Homeward was the only servicer of Plaintiff's loan.

Specifically, the TAC correctly admits that "*At all times relevant herein* [Homeward] is and was engaged in the business of servicing home loans for American Brokers Conduit ("ABC") within the City of Oakland, California, *including the Subject Real Property.*" TAC ¶ 3 [emphasis added]. Consistently, the TAC then alleges that Homeward's servicing duties for ABC were performed pursuant to an agreement between those two entities. TAC ¶ 32 ("defendant ABC and defendant [Homeward] entered into an agreement to the effect that defendant [Homeward] would service the subject loan," and "the duties of defendant Homeward were and remain to receive plaintiff's loan payments, accurately account for plaintiff's payments [etc.]"). The TAC further alleges that "Since the close of escrow on the subject loan, plaintiff has made all monthly payments on defendant ABC home loan on a timely basis *to defendant [Homeward].*" TAC ¶ 34 [italics added], accord TAC ¶ 33. In other words, Homeward has been the loan servicer at "all times" since



284596                                               - 8 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

the close of escrow. TAC ¶¶ 3, 32, & 34. Accordingly, the TAC correctly alleges that the servicing of Plaintiff's loan has <u>never transferred</u>.

To *manufacture* a claim based upon an assignment of loan servicing rights, although he has already alleged Homeward was the loan servicer "Since close of escrow,"[2] Plaintiff alleges that Homeward was initially the wholly-owned subsidiary of ABC, and that ABC later must have "in some way" divested itself of its exclusive ownership of Homeward. TAC ¶ 56,[3] *see also* TAC ¶¶ 11-12.[4] As a matter of law, such allegations are insufficient to allege an assignment of servicing rights. *See e.g.,* 1 Fletcher Cyclopedia of Corporations, § 26 ("A subsidiary corporation is presumed to be a separate and distinct entity from its parent corporation. This rule applies even where one corporation wholly owns another."), *see also id.* § 29, entitled "Distinctness of corporate entity – Contracts and Obligations" ("The contract of a corporation is the contract of the legal entity and not of the shareholders individually," and . . . "a corporation enters into contracts in a capacity separate from its shareholders . . ."). Accordingly, the TAC accurately alleges that Homeward has always been the servicer of the loan, and has always been a separate entity from ABC.[5] Whether or not it is correct that ABC at one time owned all Homeward's stock, but later sold it, the TAC correctly admits that Homeward has never transferred the servicing rights that Homeward has had since close of escrow to any other entity. TAC ¶¶ 3, 32, & 34.

The RESPA provision cited by the TAC as violated by Homeward provides, in pertinent part, that:

---

[2] TAC ¶ 34.

[3] TAC ¶ 56 alleges that "On information and belief, servicing of the subject loan was assigned, sold, or in some way transferred from defendant ABC to defendant [Homeward] either at the initiating of the loan or when defendant divested defendant [Homeward]."

[4] TAC ¶ 11 alleges that "On information and belief, at the time the subject Note agreement was entered into between plaintiff and defendant ABC, defendant [Homeward] was a wholly owned subsidiary of defendant ABC." TAC ¶ 12 alleges that "On information and belief, sometime after the close of escrow, defendant ABC divested itself of defendant [Homeward] . . . ."

[5] Plaintiff further confirms and concedes [Homeward]'s separate corporate identity by alleging that "ABC engaged a servicing agreement with defendant [Homeward] with the intention that defendant [Homeward] service the Loan pursuant to its terms." TAC ¶ 60.

284596 - 9 -
**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

>    (b) Notice by transferor of loan servicing at time of transfer.
>
>    (1) Notice requirement. Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan *to any other person*.

12 U.S.C § 2506(b)(1) [emphasis added]. By the clear terms of that provision, notification is required if and only if servicing rights are transferred from the original or successive servicer "to any other person." The TAC makes clear that Homeward has never transferred the servicing rights it has held since close of escrow. TAC ¶¶ 3, 32, & 34. No event requiring notice pursuant to 12 U.S.C. 2605 is or could be alleged in the TAC.

Homeward's Motion to Dismiss should be granted without leave to amend as to the Eighth Cause of Action for RESPA violation. The true fact of the matter, as borne out by Plaintiff's own allegations, is that Homeward has never violated the notice requirement of 12 U.S.C § 2506(b)(1) and Homeward's response to Plaintiff's correspondence was sufficient.

E.  **Plaintiff Fails to Allege Facts Sufficient to State a RESPA Claim in Connection with His Alleged QWR.**

Although not set forth in the Eighth Cause of Action as an additional basis for a RESPA claim, the TAC does allege at ¶ 14 that Plaintiff made Qualified Written Request ("QWR") to Homeward and that Homeward "defiantly refused to provide the requested information." TAC ¶ 14 and Exhibits 3 and 4 to the TAC.

To state a QWR claim under RESPA, however, Plaintiff's Exhibit 3 would have to meet the requirements of a QWR, and the TAC would have to allege that Homeward was *required* by that statute to provide more information than it did provide. The TAC fails to do either.

First, a legitimate QWR must contain "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *See* 12 USCS § 2605(e)(1)(B)(ii). Exhibit 3 contains no such statement. Exhibit 3 does not do that.

Second, a QWR can only seek "information relating to the servicing of such loan." 12 USC § 2605(e)(1)(A). Importantly, RESPA defines "servicing" as receiving any scheduled periodic

payments from a borrower pursuant to the terms of any loan and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan. 12 USC § 2605(i)(3). Exhibit 3, however, rather than requesting "information" related to "servicing" of the loan, explicitly requests the production of "documents" relating to the "origination" of the loan. It then lists the documents Plaintiff demands.

Third, with the exception of item 12 of the list of documents Plaintiff demands, the demanded documents do not relate to "loan servicing" as defined by RESPA. Plaintiff's making these demands under RESPA, for materials that RESPA does not require loan servicers to provide, without providing the required reasons for his request, should be viewed in light of the fact that he is an attorney at law presumably able to read and understand 12 USCS §§ 2605(e) and 2605(i).[6]

As to the one listed item pertaining to servicing, the item # 12 request for a "copy of Loan Payment History," Homeward fully complied with RESPA despite the deficiencies in Plaintiff's letter. Specifically, within the time allotted by RESPA to respond to a *bona fide* QWR, Homeward advised Plaintiff why his letter did not qualify as a QWR. TAC Exhibit 4. Enclosed with that timely response, Homeward provided documents to Plaintiff in response to item # 12, despite the fact that RESPA does not require Homeward to provide that documentation. *cf.* TAC Exhibit 4 *with* 12 USCS §§ 2605(e). In sum, Homeward fully performed all duties it could conceivably have under RESPA as provided by its actual provisions. Accordingly, this second category of RESPA-related allegations in the TAC are legally insufficient to resuscitate Plaintiff's factually-baseless RESPA claims set forth in his belated Eighth Cause of Action.

**F.     Plaintiff Failed to Allege Facts Sufficient to State a Claim for Breach of Contract or his Alleged Status as a Third Party Beneficiary.**

To state a claim for breach of contract, a plaintiff must plead: (1) the existence of the contract; (2) plaintiff's performance or excuse for non-performance of the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Armstrong Petrol Corp. v. Tri Valley Oil & Gas*

---

[6]     FAC ¶ 3.

1  *Co.*, (2004) 116 Cal.App.4th 1375, 1391, n. 6.  Unable to allege the first element, a contract with
2  Homeward, he attempts to allege that he is the intended third-party beneficiary of a servicing
3  contract between Homeward and ABC.

4        But to state a claim for breach of contract as a third-party beneficiary, Plaintiff would have
5  to allege that the alleged ABC/Homeward servicing agreement "expressly" provides that it was
6  made "for the benefit of" Plaintiff.  Civil Code § 1559.[7]  The TAC contains no such allegation.  Nor
7  could it.  Civil Code § 1559 is the only exception to the rule that a person may not sue on a contract
8  to which he is not a party.  *Diamond Woodworks, Inc. v. Argonaut Ins. Co.*, 106 Cal.App. 4th 1020
9  (2003), ("If a contract is not made expressly for the benefit of a particular third person, that person
10 cannot enforce the contract even though he or she would receive some benefit from the
11 performance of the contract"), *quoting* BAJI No. 10.59, *overruled on other grounds* (Cal.App.4th
12 2011) 198 Cal.App.4th 543.  Because the TAC alleges neither that Plaintiff was a party to the
13 alleged ABC/Homeward servicing agreement, or that the ABC/Homeward servicing agreement
14 contains an express provision that it was for the benefit of Plaintiff, rather than ABC, the TAC fails
15 to allege the first element of a breach of contract claim.[8]  It is not sufficient that the TAC suggests
16 that Plaintiff would benefit from Homeward's performance of the alleged ABC/Homeward
17 servicing agreement. *Gordon Bldg. Corp. v. Gibraltar Sav. & Loan Assoc.,* 247 Cal.App.2d 1, 8
18 (1966) ("A contract made solely for the benefit of the contracting parties cannot be enforced by a
19 stranger or one who stands to benefit merely incidentally by its performance."), *Schauer v.*
20 *Mandarin Gems o/Ca!., Inc.*, (2005) 125 Cal.App.4th 949, 957 (a person seeking to enforce a
21 contract as a third party beneficiary "must plead a contract which was made expressly for his or her
22 benefit and one in which it clearly appears that he or she was a beneficiary.")  The conclusory
23 allegation in ¶ 60 of the TAC that ABC contracted with Homeward to service Plaintiff's loan, and

---

[7]   "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

[8]   Notably, Civil Code § 2923.6 appears to reflect a Legislative recognition that a servicing agreement would normally impose on the servicer a duty to maximize net present value of the loan to the holders of the note, a duty at odds with Plaintiff's intended-beneficiary allegation.



284596      - 12 -

**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR

"As such, Plaintiff is the intended beneficiary of the defendants ABC-Homeward servicing agreement" is precisely the type of allegation that the court have found legally-deficient – an allegation that Plaintiff would have incidentally benefitted if Homeward had performed the alleged ABC/Homeward servicing agreement in the manner that Plaintiff wished. TAC ¶ 60.

With respect to the second required element of a breach of contract claim, the TAC fails to allege either what *Plaintiff's* duties were under the ABC/Homeward servicing agreement, or that Plaintiff performed his own duties. He only alleges that he performed his duties under the note and the deed of trust – two other contracts to which Homeward is not a party; two contracts that are not the contracts this cause of action alleges that Homeward breached. TAC ¶ 61.

With respect to the third required element, the TAC does not state the terms of the ABC/Homeward servicing agreement, or that Homeward violated any specific term of that alleged agreement. TAC ¶¶ 60 & 62. His allegations that Homeward "illegally declared the loan in default" and "initiated collection activities against plaintiff Hopkins"[9] do not constitute an allegation that Homeward breached any term under the ABC/Homeward servicing agreement because they fail to allege that the alleged ABC/Homeward servicing agreement forbade Homeward to initiate foreclosure or to prevent T.D. from recording a notice of default.

With respect to the fourth required element, the TAC fails to allege any specifics regarding Plaintiff's alleged damage with respect to the alleged interference in his selling his home caused by Homeward's alleged breach of its obligations to ABC under the servicing agreement between Homeward and ABC that Plaintiff alleges on information and belief. TAC §§ 60 & 63.

For these reasons, Homeward's Motion to Dismiss should be granted without leave to amend as to the Ninth Cause of Action for breach of contract.

### G. Leave to Amend Would be Futile

Plaintiff has now filed four complaints. He still has not stated a single valid claim against Homeward. Further amendment cannot cure the fact that he has no legal right to an action against Homeward simply because he is willing to (falsely) allege that he is making his loan payments

---

[9] TAC ¶ 62.

knowing that the Court must treat that as true for the purpose of a Motion to Dismiss. As set forth herein, none of the four claims asserted against Homeward state a legal claim under applicable law on the facts alleged in the TAC. Leave to amend should not be granted where amendment would be futile. *Koszdin v. State Comp. Ins. Fund*, 186 Cal. App. 4th 480, 496 (Cal. App. 2d Dist. 2010).

### IV.  CONCLUSION

For all the foregoing reasons, Homeward respectfully requests that this Court grant its Motion to Dismiss to Plaintiff's TAC in its entirety without leave to amend.

Dated: March 5, 2013

SMITH DOLLAR PC

/s/ Sherrill A. Oates

By _____
Sherrill A. Oates
Attorneys for Defendant Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc.

284596



284596

- 14 -

**MOTION TO DISMISS THIRD AMENDED COMPLAINT; POINTS & AUTHORITIES**
CASE NO.: C13-00869 DMR