UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY HOPKINS, | No. C-13-00869 DMR |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT** |
| v. | |
| AMERICAN HOME MORTGAGE SERVICING, INC., CITIBANK, AMERICAN BROKERS CONDUIT, and DOES 2-1000, | |
| Defendants. _____/ | |

Defendant Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. ("Homeward") has filed a Motion to Remand and Request for Costs and Attorneys' Fees ("Motion") [Docket No. 4]. This matter is suitable for determination without oral argument, pursuant to Civil L.R. 7-1(b). The May 9, 2013 hearing date is VACATED. For the reasons stated below, the Motion is GRANTED.[1] Homeward has also filed a motion to dismiss. [Docket No. 8.] Because the case

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). In this case, Plaintiff and Defendants Homeward and Citibank have consented to this court's jurisdiction. [Docket Nos. 7, 12.] In cases such as this one, where the plaintiff has consented but not served all the defendants, the defendants not served are not considered parties to the proceeding, and their consent is not required for magistrate jurisdiction. *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants

will be remanded to state court, the motion to dismiss is DENIED as moot. Plaintiff Donald Ray Hopkins ("Plaintiff") also filed a Motion for Extension of Time to File Opposition to Motion to Remand [Docket No. 17], a Motion for Extension of Time to File Opposition to Motion to Dismiss [Docket No. 23], and an Administrative Motion to File Under Seal [Docket No. 24]; all of these motions are DENIED as moot.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case concerns residential real property located at 18050 Broadway Terrace in Oakland, California (the "Property"). On or about October 24, 2006, Plaintiff and Defendant American Brokers Conduit ("ABC") entered into an agreement wherein ABC agreed to loan Plaintiff $815,000 secured by the deed on the Property. Amended Notice of Removal at 6 [Docket No. 13] (Third Amended Complaint, hereinafter "TAC," at ¶ 7).[2] Homeward was and is the home loan servicer for ABC. TAC at ¶ 3. Plaintiff alleges that he made all payments on the loan in a timely fashion, but that Homeward and ABC nevertheless declared the loan in default and initiated collection activities against Plaintiff. TAC at ¶ 15.

On June 16, 2011, Plaintiff initiated this lawsuit in the Superior Court for the State of California, Alameda County. Amended Declaration of Antonio Cortés in Support of Motion to Remand ("Cortés Decl.") [Docket No. 4-1] at ¶ 2. The state court complaint asserts causes of action against Homeward for negligence, slander of title, violation of the Real Estate Settlement Procedures Act, and breach of a contract for which Plaintiff was a third party beneficiary. Homeward demurred. *Id.* at ¶ 4, Ex. B (Docket Report for Alameda County Superior Court). On October 20, 2011, the parties stipulated that the demurrer would be sustained and that Plaintiff would have 30 days to amend the complaint. *Id.*

---

have not been served and therefore are not parties under 28 U.S.C. § 636(c)."); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

[2] Plaintiff originally removed the Second Amended Complaint ("SAC"), but later amended his Notice of Removal to attach the TAC. Notice of Removal at 7 [Docket No. 1].

On November 17, 2011, Plaintiff filed the First Amended Complaint ("FAC"). *Id.* On December 20, 2011, Homeward again demurred. *Id.* Defendant Citibank filed a demurrer as well, and both matters were set for a May 31, 2012 hearing. *Id.* The state court sustained the demurrers with leave to amend. *Id.*

On July 5, 2012, Plaintiff filed the SAC, to which Homeward again demurred. *Id.* Before the hearing on the demurrer, Plaintiff sought and was granted leave to file the TAC, which he filed on October 22, 2012. *Id.* Plaintiff did not serve the TAC on Homeward. *Id.* Homeward obtained a redacted copy of the TAC from the Court, and again demurred to the TAC. *Id.* Plaintiff did not file any opposition to this demurrer. On February 26, 2013, the Superior Court issued a tentative ruling sustaining the demurrer to the TAC without leave to amend. *Id.* Its tentative ruling stated:

> The order of 5/31/12 sustaining the demurrer of [Homeward] to the First Amended Complaint stated, "Preliminarily, the Court strongly admonishes Plaintiff to file and serve all papers in conformance with the applicable code. The Court will not consider any untimely or non-conforming papers in the future." [Homeward] has field [sic] two unopposed discovery motions, which resulted in the order of 7/3/12 compelling plaintiff to produce discovery responses and the order of 1/8/13 compelling plaintiff to provide verified and complete responses in its response to the prior order. Plaintiff has not filed any opposition to the demurrer of [Homeward] to the Third Amended Complaint. Plaintiff's actions demonstrate a failure to prosecute this action seriously. The demurrer is, therefore, SUSTAINED WITHOUT LEAVE TO AMEND.

Cortés Decl. at ¶ 9, Ex. G. The tentative ruling stated that it would become the final order of the court unless a party contested it at a hearing two days later. *Id.* On February 26, 2013, Plaintiff removed SAC to this court. *Id.* at ¶ 4; Notice of Removal at 1.

## II. LEGAL STANDARD

Plaintiff bases federal removal jurisdiction on 28 U.S.C. §§ 1331 and 1441. Pursuant to Section 1441, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1331 confers original jurisdiction on district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A motion to remand is the proper procedure for challenging removal. 28 U.S.C. § 1447(c). In considering the motion to remand, this court must "strictly construe the removal statute against

3

removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A federal court must remand a case to state court if there is any doubt about the propriety of removal. *Id.* Because there exists a presumption against removal, the removing party bears the burden of establishing that propriety. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). When evaluating the validity of removal, courts generally may not look beyond the plaintiff's pleadings and must resolve disputed questions of fact in favor of the party resisting removal. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936); *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *Iwag*, 882 F. Supp. at 603.

### III. DISCUSSION

Homeward's principal argument regarding improper removal is that the removal statute does not permit a plaintiff to remove a case he originally filed in state court. The court agrees with Homeward.

No language in Section 1441 provides a textual basis for removal by a plaintiff. On its face, Section 1441(a) authorizes only "the defendant or the defendants" to remove a civil action. The plain meaning of this text is that Plaintiff had no authority under Section 1441 to remove this case. *In re Ferrell*, 539 F.3d 1186, 1190 n. 10 (9th Cir. 2008) ("If the statutory language is unambiguous and the statutory scheme is 'coherent and consistent,'" judicial inquiry must cease) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-07 (1941) ("We cannot assume that Congress, in thus revising the [removal] statute . . . regarded as without significance the omission from the earlier act of the phrase 'either party,' and the substitution for it of the phrase authorizing removal by the 'defendant or defendants' in the suit . . . ."). *Accord Conner v. Salzinger,* 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants."*) (emphasis in original, citing *Shamrock,* 313 U.S. at 104); *Pack v. Hoge Fenton Jones & Appel, Inc.*, 12-CV-4512-SC, 2013 WL 140027 at *7 (N.D. Cal. Jan. 10, 2013) ("The clear and unambiguous language of 28 U.S.C. § 1441(a)" is a "well-known, bright-line rule" that barred plaintiff removing his state court action to federal court).

Because this court finds no statutory basis for a plaintiff to remove an action, the court need not rule on the other deficiencies raised by Homeward in challenging Plaintiff's removal. However, the court notes that other significant problems exist. First, Plaintiff removed the SAC, not the TAC. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent.") (quotations omitted). Even if this deficiency was cured when Plaintiff filed an Amended Notice of Removal on March 25, 2013, and attached the TAC, Plaintiff's removal was untimely. 28 U.S.C. § 1446(a) ("[N]otice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). Third, the party removing a case to federal court "shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* Plaintiff's notice of removal does not appear to include all such process, pleadings, and orders.

Homeward seeks attorneys fees incurred as a result of the removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The "award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The court has some concern that Plaintiff's removal was motivated by an attempt to delay litigation that was on the brink of an unfavorable state court judgment. However, given that the record is not clear on this point, the court declines to exercise its discretion to award fees in this matter.

5

**IV. CONCLUSION**

For the reasons provided above, the court GRANTS Defendant's Motion to Remand and DENIES Defendant's Motion to Dismiss [Docket No. 8] as moot.

IT IS SO ORDERED.

Dated: April 29, 2013

DONNA M. RYU
United States Magistrate Judge